UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

_____

In re
JILLENE AMORE,                                      Chapter 13
                                                                  No. 22-11406-JEB

Debtor,

_____

# NOTICE OF INTENDED PRIVATE SALE OF REAL ESTATE, DEADLINE FOR SUBMITTING OBJECTIONS AND HIGHER OFFERS, AND NOTICE OF HEARING

To Creditors and Parties in Interest:

Notice is hereby given, pursuant to 11 U.S.C. § 363, Fed. R. Bankr. P. 2002(a)(2) and 6004, and MLBR 2002-5 and 6004-1, that the debtor, Jillene Amore, intends to sell at private sale all of the right, title and interest in certain property of the estate located at **4 Poplar Street, Danvers, MA 01923 (**the "real estate"), and being all and the same premises as shown on a deed to Michael Amore as recorded in the Essex County South Registry of Deeds in Book 33632, Page 349.[1]

An offer has been received from Joseph Law and Katherine Law (the "Buyer") whose address is 34 Oxford Street #2, Somerville, MA to purchase the real estate in its entirety for **$600,000.00**. The Buyer is not related to the Debtor.

The terms of the proposed sale are more particularly described in a Motion for Order Authorizing and Approving Private Sale of Real Estate located at **4 Poplar Street, Danvers, MA 01923** (the "Motion to Approve Sale") filed with the Court on January 27, 2023. A copy of the Motion to Approve Sale is enclosed herewith.

The sale shall take place within the next 30 days and may occur as soon as February 28, 2023 pending the entry of an order approving the Motion to Approve Sale.

---

[1] The Debtor is the appointed Personal Representative for the Estate for her deceased husband, Michael Amore who died intestate. She will also be seeking a license to sell from the Essex Court Probate Court.

The Buyer had not provided a commitment to date for a mortgage loan because the deadline for same is February 16, 2023. The Buyer reasonably anticipates that they shall be ready, willing, and able to close subject only to the allowance of the Motion to Approve Sale.

The total sale price is $600,000.00.

The real estate will be sold free and clear of all liens claims and encumbrances. Any perfected, enforceable valid lien shall attach to the proceeds of the sale according to priorities established under applicable law.

Any objections to the sale and/or higher offers shall be filed in writing with the Clerk, United States Bankruptcy Court, 5 Post Office Square, Boston, MA 02109 on or before **February 21, 2023, at 12:00 noon** (the "Objection Deadline"). A copy of any objection or higher offer or request for a hearing must be filed within the time established by the court and also shall be served upon the undersigned. Any objection to the sale must state with particularity the grounds for the objection and why the intended sale should not be authorized. Any objection to the sale shall be governed by Fed. R. Bankr. P. 9014. A copy of the Motion and the sales agreement will be provided to any interested party upon request at no cost.

Through this Notice, higher offers for the real estate are hereby solicited. Any higher offer must be accompanied by a cash deposit of **$10,000.00** in the form of a certified or bank check made payable to the undersigned as counsel for the debtor. Higher offers must be on the same terms and conditions provided in the Offer to Purchase and Contract.

To the extent that a hearing is held, same will take place before the Honorable Janet E. Bostwick, Bankruptcy Judge, via teleconference by dialing **1.877.336.1839, access code: 1378281#.**

A telephonic hearing on the Motion to Approve Sale, objections or higher offers has been scheduled by the U.S. Bankruptcy Court for **February 22, 2023, at 10:00 AM.** Any party who has filed an objection or higher offer is expected to be present at the hearing, failing which the objection will be overruled or the higher offer stricken. If no objection to the Motion to Approve Sale or higher offer is timely filed, the Bankruptcy Court, it its discretion, may cancel the scheduled hearing and approve the sale without hearing.

At the hearing on the sale the Court may (1) modify the method of sale set forth in the notice at or prior to the hearing on the proposed sale, (2) consider any requests to strike a higher offer, (3) determine further terms and conditions of the sale, (4)

determine the requirements for further competitive bidding, and (5) require one or more rounds of sealed or open bids from the original offeror and any other qualifying offeror.

The deposit will be forfeited to the estate if the successful purchaser fails to complete the sale by the date ordered by the Court. If the sale is not completed by the buyer approved by the Court, the Court, without further hearing, may approve the sale of the real estate to the next highest bidder.

Any questions concerning the intended sale shall be addressed to the undersigned.

Respectfully submitted this 27th day of January 2023.

                Jillene Amore

                By her counsel,

                /s/ John F. Sommerstein
                John F. Sommerstein
                BBO # 555521
                1091 Washington Street
                Gloucester, MA  01930
                Tel: (617) 523-7474